## STELLA PRESTRIDGE V. THE STATE.

No. 18506.   Delivered June 3, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*W. E. Myres,* of Fort Worth, and *Fred Stockdale,* of Aspermont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is perjury; penalty assessed at confinement in the penitentiary for two years.

The evidence which was heard before the trial court is not brought forward for review. We perceive no irregularities in the proceedings.

Upon the state of the record we have no alternative other than to affirm the judgment, which is accordingly done.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This record contains neither statement of facts nor bills of exception. The motion for rehearing is based on the proposition that the indictment is fundamentally defective in that the "Alleged false testimony of appellant is not sufficiently traversed." The alleged perjury took place before a grand jury, it being set up that it became a material inquiry before said grand jury whether one William Hannie did on or about March 1, 1936, unlawfully carry on and about his person a pistol. The indictment further set out that appellant appeared before the grand jury and testified that, at the time said Hannie had a difficulty with Owen Mulhern in a certain cafe, he, the said Hannie, did not have a pistol in his hand, it being averred that said testimony was material to the inquiry before the grand jury, and that said testimony was false as appellant well knew, and that in truth and in fact the said Hannie, in said county and State, and at said cafe, had a difficulty with said Mulhern, and did then and there have a pistol in his hand. The material inquiry being whether said Hannie had a pistol in his hand when a difficulty took place between him and said Mulhern, we regard the proposition laid down by appellant, viz: that in one place it is stated in the indictment appellant swore that said difficulty was *in a* restaurant, and in the traverse it is stated that the difficulty was *at* the restaurant,—as without merit. Whether the difficulty was in the restaurant or at the restaurant would not seem to affect the material point set out in the indictment upon which appellant is said to have given false testimony, which is that Hannie did not have the pistol in question at said time.

Not being able to agree with appellant's contention, the motion for rehearing is overruled.

*Overruled.*